UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

NORMA SUE SHANNON                                                    PLAINTIFF


v.                                         CIVIL ACTION NO. 3:14-CV-00421-CRS


PNC BANK, N.A., ET AL.                                               DEFENDANTS

## <u>MEMORANDUM OPINION</u>

This matter is before the Court on two motions of Plaintiff Norma Sue Shannon.  First,

Plaintiff requests that the Court stay consideration of Defendants' motion to dismiss (DN 5)

pending resolution of her motion to remand (DN 9).  (Mot. to Stay, DN 8.)  Second, Plaintiff

moves to remand this action to state court based on a lack of subject matter jurisdiction (DN 9).

For the following reasons, the Court will grant both of Plaintiff's motions, staying consideration

of the motion to dismiss and remanding the case to Oldham County Circuit Court.

## I.    BACKGROUND

On May 9, 2014, Plaintiff filed this action in Oldham County Circuit Court against

Defendants PNC Financial Services Group, Inc. d/b/a PNC Bank, N.A.;[1] PNC Community

Development Corp.; PNC Insurance Services, LLC; PNC Capital Markets, LLC; PNC

Equipment Finance, LLC; PNC Investments, LLC; and Crestwood State Bank.  (Compl., DN 1-

4.)  Plaintiff alleges that, on May 28, 2013, she visited the PNC Bank branch office at 6518 West

Highway 146 in Crestwood, Kentucky, and suffered injuries after tripping over a curb ramp in

---

[1] Defendants insist that "PNC Financial Services Group, Inc. d/b/a PNC Bank, N.A." is a misidentification.  They assert that PNC Bank, N.A., is a separate entity, rather than another business name for PNC Financial Services Group, Inc.  (Pet. for Removal, DN 1, ¶ 8.b–d.)  Upon removal, Defendants captioned the case according to their preference (DN 1), but the Court will refer to the parties as they are listed in Plaintiff's Complaint (DN 1-4).

the parking lot.  (Compl., DN 1-4, at 4–5.)  She further asserts that "Defendants, individually or collectively, own, operate, manage, and/or have an interest in" the premises.  (Compl., DN 1-4, at 4.)  Defendants allegedly were negligent in failing to adequately protect Plaintiff, who claims to be an invitee, from harm caused by the dangerous condition of the curb ramp.  (Compl., DN 1-4, at 5–6.)  Plaintiff's Complaint does not contain a specific monetary figure representing her claimed damages.  (Compl., DN 1-4, at 5.)  She pleaded only that "[t]he damages claimed . . . are sufficient to establish the minimum requirements for jurisdiction" in state court.  (Compl., DN 1-4, at 5.)

On June 6, 2014, Defendants removed the case to this Court, noting diversity of citizenship as the sole basis for subject matter jurisdiction.  (Pet. for Removal, DN 1.)  In the notice of removal, Defendants stated that "[t]his civil lawsuit involves citizens of different states" and "the amount in controversy is expected to exceed $75,000, exclusive of interest and costs."  (Pet. for Removal, DN 1, ¶¶ 7–8.)  Three days later, on June 9, Defendants moved to dismiss Plaintiff's Complaint for failure to state a claim (DN 5).

On June 25, 2014, Plaintiff responded with a motion to stay (DN 8) and a motion to remand (DN 9).  First, Plaintiff seeks to stay consideration of Defendants' motion to dismiss until her motion to remand is resolved.  Second, Plaintiff calls upon the Court to remand this action to state court for lack of subject matter jurisdiction.

## II.   STANDARD

When considering a motion to remand, the Court looks to "whether the action was properly removed in the first place."  *Ahearn v. Charter Twp. of Bloomfield*, 100 F.3d 451, 453 (6th Cir. 1996).  The general removal statute allows the defendant or defendants to remove a civil action from state court to federal district court when that action could have been brought

-2-

originally in federal district court.  28 U.S.C. § 1441(a).  But, as frequently noted, the federal district courts are "courts of limited jurisdiction.  They possess only that power authorized by Constitution and statute."  *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552, 125 S. Ct. 2611, 162 L. Ed. 2d 502 (2005) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994)) (internal quotation marks omitted).  Therefore, if the Court lacks original subject matter jurisdiction over a removed action, it must remand that action to state court.  28 U.S.C. § 1447(c).

In this case, the one asserted ground for subject matter jurisdiction is diversity of citizenship.  (Pet. for Removal, DN 1, ¶ 9.)  Pursuant to 28 U.S.C. § 1332(a), diversity jurisdiction exists in civil actions "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states."  As the party invoking the federal forum, the removing defendant bears the burden of proving that the action meets the requirements of diversity jurisdiction.  *Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 155 (6th Cir. 1993), *abrogated on other grounds by Hertz Corp. v. Friend*, 559 U.S. 77, 130 S. Ct. 1181, 175 L. Ed. 2d 1029 (2010).  "All doubts as to the propriety of removal are resolved in favor of remand."  *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999).

## III.   DISCUSSION

### A.   Motion to Stay

As a preliminary matter, the Court will stay consideration of Defendants' motion to dismiss (DN 5) until it answers the jurisdictional questions presented by Plaintiff's motion to remand (DN 9).  Before reaching the merits, the Court must establish its jurisdiction—the power to hear a case and pronounce the law.  *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–

95, 118 S. Ct. 1003, 140 L. Ed. 2d 210 (1998).  A contrary approach might carry the Court

"beyond the bounds of authorized judicial action."  *Id.* at 94.

### B.     Motion to Remand

The Court will now address Plaintiff's motion to remand (DN 9) and, in doing so, focus

its attention on whether Defendants carried their burden in establishing an amount in controversy

greater than the jurisdictional minimum.  The Court determines the amount in controversy as of

the time of removal.  *Rogers v. Wal-Mart Stores, Inc.*, 203 F.3d 868, 871–72 (6th Cir. 2000).

Where, as here, the plaintiff seeks to recover some unspecified amount, the defendant must prove

by a preponderance of the evidence, or "more likely than not," that the amount in controversy

exceeds $75,000.  *Gafford*, 997 F.2d at 158; *accord* 28 U.S.C. § 1446(c)(2)(B).  This standard

"does not place upon the defendant the daunting burden of proving [the amount in controversy]

to a legal certainty."  *Gafford*, 997 F.2d at 159.  Nevertheless, the defendant must come forward

with "competent proof" of the necessary "jurisdictional facts."  *Id.* at 160 (quoting *McNutt v.

Gen. Motors Acceptance Corp. of Ind.*, 298 U.S. 178, 189, 56 S. Ct. 780, 80 L. Ed. 1135 (1936))

(internal quotation marks omitted); *Jones v. Life Ins. Co. of N. Am.*, 746 F. Supp. 2d 850, 852

(W.D. Ky. 2010); *King v. Household Fin. Corp. II*, 593 F. Supp. 2d 958, 959–60 (E.D. Ky.

2009).

Here, Defendants attempt to prove the amount in controversy by relying entirely on the

allegations in Plaintiff's Complaint.  The Complaint alleges that Plaintiff is entitled to recover

compensatory damages for medical expenses, pain and suffering, lost wages, and permanent

impairment of her earning capacity.  (Compl., DN 1-4, at 6.)  Defendants presented no evidence

to establish an estimated monetary value for the above categories of damages.  For example,

Defendants did not offer any proof regarding the medical expenses Plaintiff has already incurred

or her wage level prior to the alleged injuries.  Instead, Defendants encourage the Court to speculate on the amount of compensatory damages based on Plaintiff's description of her alleged injuries as "serious, painful, and permanent."  (Compl., DN 1-4, at 6.)

In addition, Defendants referenced a letter in which Plaintiff's counsel supposedly stated that the alleged injuries required surgery and a stay at a nursing facility.  (Defs.' Resp. in Opp'n to Pl.'s Mot. to Remand, DN 11, at 5.)  The Court, however, cannot consider that letter because Defendants did not include it in the record.  Plaintiff pointed out this oversight in her reply brief, but Defendants still failed to submit the letter as a supplemental filing.  (Reply in Support of Pl.'s Mot. to Remand, DN 14, at 4.)  Even so, if the letter had been properly entered in the record, its purported contents would likely provide little, if any, assistance in appraising the amount in controversy and again invite mere speculation.  Defendants did not connect treatment requiring surgery and a nursing facility with a specific dollar amount.  Rather, Defendants expect the Court to simply conclude, without evidentiary support, that any such treatment suggests damages in excess of $75,000.

The Court will not assume that Plaintiff's alleged compensatory damages satisfy the jurisdictional amount without any competent proof beyond the pleadings.  *See Everett v. Verizon Wireless, Inc.*, 460 F.3d 818, 829 (6th Cir. 2006); *King*, 593 F. Supp. 2d at 959–60.  Defendants brought forward no evidence, such as a demand letter or discovery response, that would allow the Court to place an actual monetary value on the compensatory recovery sought by Plaintiff. Plaintiff's request for a variety of compensatory damages and the harsh, but vague, characterization of her alleged injuries do not suffice as adequate proof that the amount-in-controversy requirement is satisfied.

Defendants also contend that the Court must consider Plaintiff's potential recovery of punitive damages as part of the amount in controversy. To determine the amount of punitive damages at stake, Defendants suggest that the Court apply a multiplier to Plaintiff's alleged compensatory damages. But, as previously explained, Defendants presented no evidence to establish an estimated value for the compensatory damages. The Court cannot gauge the amount in controversy by multiplying an unknown figure. Moreover, Defendants did not submit proof regarding the likelihood of recovering punitive damages in slip-and-fall cases similar to this action.

Finally, Defendants argue that the amount-in-controversy requirement is satisfied because Plaintiff refuses to stipulate to damages below the jurisdictional minimum. But a refusal to stipulate, by itself, does not provide sufficient evidence to support the requisite amount in controversy. *Sargent v. Monumental Life Ins. Co.*, No. 3:12-CV-000725-H, 2013 WL 321660, at *2 (W.D. Ky. Jan. 28, 2013); *Stratton v. Konecranes, Inc.*, No. 5:10-CV-66-KSF, 2010 WL 2178544, at *3 (E.D. Ky. May 28, 2010); *Holt v. HMS Host USA*, 3:09-cv-344, 2009 WL 1794748, at *3 (M.D. Tenn. June 18, 2009). Because Defendants failed to come forward with other competent proof, the Court cannot draw an inference solely from Plaintiff's unwillingness to stipulate that is strong enough to meet the evidentiary burden.

The Court concludes that Defendants did not present sufficient proof to establish by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum. For that reason, the case must be remanded to state court for lack of subject matter jurisdiction. In light of this outcome, the Court need not address whether diversity of citizenship exists among the parties.

**IV.      CONCLUSION**

For the reasons stated above, the Court will grant Plaintiff's motion to stay (DN 8) and will also grant her motion to remand (DN 9).  A separate order will be entered this date in accordance with this Memorandum Opinion staying consideration of the motion to dismiss and remanding the case to Oldham County Circuit Court.

January 22, 2015

**Charles R. Simpson III, Senior Judge**
**United States District Court**