UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

NORMA SUE SHANNON                                                                                  PLAINTIFF

v.                                                                    CIVIL ACTION NO. 3:14-CV-00421-CRS

PNC BANK, N.A., ET AL.                                                                          DEFENDANTS

**MEMORANDUM OPINION**

This matter is before the Court on Plaintiff Norma Sue Shannon's motion for an award of attorney's fees pursuant to 28 U.S.C. § 1447(c) (DN 17).[1] For the following reasons, the Court will grant Plaintiff's motion and award attorney's fees in the amount of $4,387.50.

**I.   BACKGROUND**

On May 9, 2014, Plaintiff filed this action in Oldham County Circuit Court against Defendants PNC Financial Services Group, Inc. d/b/a PNC Bank, N.A.;[2] PNC Community Development Corp.; PNC Insurance Services, LLC; PNC Capital Markets, LLC; PNC Equipment Finance, LLC; PNC Investments, LLC; and Crestwood State Bank. (Compl., DN 1-4.) Plaintiff alleges that, on May 28, 2013, she visited the PNC Bank branch office at 6518 West Highway 146 in Crestwood, Kentucky, and suffered injuries after tripping over a curb ramp in the parking lot. (Compl., DN 1-4, at 4–5.) She further asserts that "Defendants, individually or collectively, own, operate, manage, and/or have an interest in" the premises. (Compl., DN 1-4, at 4.) Defendants allegedly were negligent in failing to adequately protect Plaintiff, who claims

---

[1] The Court retains jurisdiction following remand to consider such collateral matters as an award of attorney's fees. *Stallworth v. Greater Cleveland Reg'l Transit Auth.*, 105 F.3d 252, 256–57 (6th Cir. 1997).

[2] Defendants insist that "PNC Financial Services Group, Inc. d/b/a PNC Bank, N.A." is a misidentification. They assert that PNC Bank, N.A., is a separate entity, rather than another business name for PNC Financial Services Group, Inc. (Pet. for Removal, DN 1, ¶ 8.b–d.) Upon removal, Defendants captioned the case according to their preference (DN 1), but the Court will refer to the parties as they are listed in Plaintiff's Complaint (DN 1-4).

to be an invitee, from harm caused by the dangerous condition of the curb ramp. (Compl., DN 1-4, at 5–6.) Plaintiff's Complaint does not contain a specific monetary figure representing her claimed damages. (Compl., DN 1-4, at 5.) She pleaded only that "[t]he damages claimed . . . are sufficient to establish the minimum requirements for jurisdiction" in state court. (Compl., DN 1-4, at 5.)

On June 6, 2014, Defendants removed the case to this Court, citing diversity of citizenship as the sole ground for subject matter jurisdiction. (Pet. for Removal, DN 1.) Three days later, on June 9, Defendants moved to dismiss Plaintiff's Complaint for failure to state a claim (DN 5). On June 25, 2014, Plaintiff responded with a motion to stay (DN 8) and a motion to remand (DN 9).

On January 26, 2015, the Court granted both of Plaintiff's motions. (Mem. Op., Jan. 26, 2015, DN 15; Order, Jan. 26, 2015, DN 16.) First, the Court stayed consideration of Defendants' motion to dismiss pending resolution of Plaintiff's motion to remand. Second, the Court remanded the case to state court based on Defendants' failure to present sufficient proof that the amount in controversy exceeded the jurisdictional minimum of $75,000.

Following her success in obtaining remand, on February 6, 2015, Plaintiff submitted a motion for an award of attorney's fees pursuant to 28 U.S.C. § 1447(c) (DN 17). Attached to her motion, Plaintiff included the declaration of her counsel, which details the fees sought for litigating the remand issue (DN 17-2). Plaintiff's motion is now fully briefed and ripe for decision.

## II. STANDARD

Pursuant to 28 U.S.C. § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."

The language of § 1447(c) places the decision to award attorney's fees within the discretion of the Court. *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 139, 126 S. Ct. 704, 163 L. Ed. 2d 547 (2005); *Warthman v. Genoa Twp. Bd. of Trs.*, 549 F.3d 1055, 1059 (6th Cir. 2008). The legal standard set forth in *Martin*, 546 U.S. at 141, guides the exercise of that discretion. *Warthman*, 549 F.3d at 1059. In *Martin,* the Supreme Court instructed that, "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." 546 U.S. at 141.

"Congress designed the costs-and-fees provision in § 1447(c) to permit removal in appropriate cases, while simultaneously 'reduc[ing] the attractiveness of removal as a method for delaying litigation and imposing costs on the plaintiff.'" *Warthman*, 549 F.3d at 1060 (quoting *Martin*, 546 U.S. at 140). The Court applies the *Martin* standard with an eye toward that underlying purpose. *Id.* The discretion to award or deny attorney's fees "involves more than an on-off switch that is solely dependent on the objective reasonableness of the removal decision." *Id.* Though an objectively unreasonable removal should generally result in a fee award to the plaintiff, the Court must consider "whether 'unusual circumstances warrant a departure from the rule in a given case.'" *Id.* (quoting *Martin*, 546 U.S. at 141).

### III. DISCUSSION

The general removal statute allows the defendant or defendants to remove a civil action from state court to federal district court when that action could have been brought originally in federal district court. 28 U.S.C. § 1441(a). Defendants relied on diversity jurisdiction alone to justify removal of this case. (Pet. for Removal, DN 1.) Diversity jurisdiction exists in civil actions "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states." 28 U.S.C. § 1332(a). It is well

settled that, where the plaintiff seeks to recover some unspecified amount, the removing defendant bears the burden of proving the requisite amount in controversy by a preponderance of the evidence. *Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 158 (6th Cir. 1993), *abrogated on other grounds by Hertz Corp. v. Friend*, 559 U.S. 77, 130 S. Ct. 1181, 175 L. Ed. 2d 1029 (2010); *accord* 28 U.S.C. § 1446(c)(2)(B). To carry that burden, the defendant must come forward with "competent proof" of the necessary "jurisdictional facts." *Gafford*, 997 F.2d at 160 (quoting *McNutt v. Gen. Motors Acceptance Corp. of Ind.*, 298 U.S. 178, 189, 56 S. Ct. 780, 80 L. Ed. 1135 (1936)) (internal quotation marks omitted); *Jones v. Life Ins. Co. of N. Am.*, 746 F. Supp. 2d 850, 852 (W.D. Ky. 2010); *King v. Household Fin. Corp. II*, 593 F. Supp. 2d 958, 959–60 (E.D. Ky. 2009).

After careful review of the record, the Court concludes that Defendants lacked an objectively reasonable basis for seeking removal because they acted on plainly inadequate proof of the amount in controversy.[3] The critical problem underlying Defendants' proof is that it provided no starting point from which the Court could begin to calculate an accurate estimate of the amount in controversy. Rather, Defendants encouraged the Court to speculate as to the value of damages, referring only to Plaintiff's allegations, a vague description of her medical treatment, and her refusal to stipulate.

Defendants relied intensely on the allegations in Plaintiff's Complaint to satisfy the amount-in-controversy requirement. The Complaint does assert that Plaintiff is entitled to recover compensatory damages for medical expenses, pain and suffering, lost wages and permanent impairment of her earning capacity, along with punitive damages, and also characterizes her alleged injuries as "serious, painful, and permanent." (Compl., DN 1-4, at 6.)

---

[3] The Court's Memorandum Opinion of January 26, 2015, (DN 15) contains a complete discussion of the deficiencies in Defendants' amount-in-controversy evidence.

However, Defendants provided no evidence to establish estimated monetary values for those categories of damages, such as proof of medical expenses incurred, wage level prior to the alleged injuries, or a demand letter.

When removing an action from a Kentucky court, the amount in controversy will not ordinarily be discernable from the face of the complaint alone. Kentucky Rule of Civil Procedure 8.01(2) prohibits a plaintiff from reciting the actual amount of damages he seeks in the complaint. A defendant drawn into a Kentucky court would be wise to engage in pre-removal discovery to clarify the amount in controversy. *King*, 593 F. Supp. 2d at 960 n.2. The plaintiff's discovery responses to interrogatories or requests for admission may provide essential evidence to support removal. *Id.* It may appear that pre-removal discovery with respect to the amount in controversy saddles the defendant with the difficult task of completing discovery before the thirty-day period for removal expires, but the general removal statute addresses that timing problem. *Id.* If a case is not removable based solely on the contents of the complaint, the thirty-day deadline does not begin to run until the defendant receives "a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). Given that a complaint filed in a Kentucky court will not state a precise demand, a defendant desiring removal should often invoke § 1446(b)(3) to appropriately investigate whether the amount in controversy exceeds the federal jurisdictional minimum. *King*, 593 F. Supp. 2d at 960 n.2. Here, Defendants elected to remove first and ask questions later, assuming the risk of a swift remand.

Beyond the allegations in the Complaint, Defendants referenced only one piece of evidence, which they failed to include in the record of the case. Thus, that missing proof—a letter stating that Plaintiff's alleged injuries required surgery and a stay in a nursing facility—

could not be considered in ruling on the motion to remand. (Segeleon Letter, July 25, 2013, DN 18-1.) Defendants furnished that letter to the Court for the first time to support the objective reasonableness of their removal decision. Defendants cite *Russell v. McKechnie Vehicle Components USA, Inc.*, No. 5:11-CV-219-JMH, 2011 WL 3847501, at *1 (E.D. Ky. Aug. 26, 2011), for the proposition that a demand letter constitutes relevant evidence of the amount in controversy when the demand reflects a reasonable estimate of the plaintiff's claim. That reliance on *Russell* is misplaced because the letter at issue here contains no settlement demand. The letter provides only a two-sentence description of Plaintiff's medical treatment, and Defendants submitted no evidence connecting such treatment to a specific monetary figure.

Defendants finally attempted to satisfy the amount-in-controversy requirement by focusing on Plaintiff's refusal to stipulate to damages below the jurisdictional minimum. But a refusal to stipulate, by itself, does not provide sufficient evidence to support the requisite amount in controversy. *Sargent v. Monumental Life Ins. Co.*, No. 3:12-CV-000725-H, 2013 WL 321660, at *2 (W.D. Ky. Jan. 28, 2013); *Stratton v. Konecranes, Inc.*, No. 5:10-CV-66-KSF, 2010 WL 2178544, at *3 (E.D. Ky. May 28, 2010); *Holt v. HMS Host USA*, 3:09-cv-344, 2009 WL 1794748, at *3 (M.D. Tenn. June 18, 2009). Defendants' failure to come forward with other competent proof precluded the Court from drawing an inference solely from Plaintiff's unwillingness to stipulate that was strong enough to meet the evidentiary burden.

In this case, Defendants presented evidence of the amount in controversy so insufficient as to make the basis for seeking removal objectively unreasonable. *See Caudill v. Ritchie*, No. 09-28-ART, 2009 WL 1211017, at *4 (E.D. Ky. May 1, 2009). Defendants removed without taking advantage of the available time and tools to obtain additional proof. That approach

resulted in unnecessary delay and wasted resources. Accordingly, the Court will exercise its discretion and award attorney's fees to Plaintiff pursuant to 28 U.S.C. § 1447(c).

Plaintiff requests an award of attorney's fees in the amount of $4,387.50, representing 19.5 hours of work at a rate of $225 per hour. (Segeleon Decl., DN 17-2.) After inspecting the charges, the Court concludes that the hours and rate claimed are reasonable in light of the work and experience of counsel. *See Thies v. Life Ins. Co. of N. Am.*, 839 F. Supp. 2d 886, 895 (W.D. Ky. 2012). Plaintiff claims no additional costs or expenses. (Segeleon Decl., DN 17-2, ¶ 7.) Defendants raise no objection to the amount of fees requested by Plaintiff. Therefore, the Court will award attorney's fees to Plaintiff in the amount of $4,387.50.

## IV. CONCLUSION

For the reasons stated above, the Court will grant Plaintiff's motion for an award of attorney's fees in the amount of $4,387.50 (DN 17). A separate order will be entered this date in accordance with this Memorandum Opinion.